## CHAR CHUNG YIM *v.* TAMI GOTO.

### No. 2128.

SUBMITTED JANUARY 25, 1934.            DECIDED MAY 17, 1934.

PERRY, C. J., BANKS AND PARSONS, JJ.

*Per Curiam.* This case is sought to be reviewed upon defendant's bill of exceptions. The case, an action for damages for breach of contract, was tried in the circuit court, jury waived, upon appeal from the district court of Honolulu. Decision and judgment in the circuit court were for the plaintiff in the sum of $275, together with interest, costs and attorney's commissions. Defendant's bill contains two exceptions only. Exception one avers that "the trial court erred in making, rendering and filing herein its decision in the above entitled matter as follows,"

Then follows *in extenso* a copy of the decision which contains, in effect, findings of fact and conclusions of law upon several points, followed by the words "to which decision an exception was duly taken and allowed by the court." Exception two is that "the court erred in the entry of judgment in the above entitled matter as follows," followed by a copy of the judgment and the words "to which judgment an exception was duly taken and allowed by the court. All pleadings, exhibits, decision, judgment and the transcript of testimony taken in said court and cause are hereby referred to and incorporated in this bill of exceptions and prayed to be taken and considered a part hereof as completely as if same had been set out herein in full." Separate exception to the decision is as follows: "Comes now Tami Goto, defendant above named * * * and hereby excepts to the decision made, rendered and filed herein on the 21st day of July, A. D. 1933." Exception to the judgment is in the same general terms, as follows: "Comes now Tami Goto, defendant above named * * * and hereby excepts to the judgment made, rendered and filed herein on the 22nd day of August, A. D. 1933." The question of the sufficiency or insufficiency of the exceptions is presented and argued in the briefs upon which the case is submitted. Plaintiff appellee urges that "exceptions No. 1 and No. 2 above recited are too general, indefinite and uncertain to be considered, and raise no question of law for review." Defendant appellant concedes that there is no distinguishable difference so far as the question thus presented is concerned between the case of *Ann Prestidge Ryan* v. *City and County of Honolulu* and the case at bar. With this statement we are in substantial agreement. Upon authority of the case last above cited, reported *ante* on page 92, the exceptions and bill of exceptions in the case at bar are dismissed because they are too general

and indefinite to require consideration by this court.

*M. L. Heen* for plaintiff.

*E. J. Botts* for defendant.